UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEAN FRANCES NIVEN,

        Plaintiff,

vs.                                              Case No. 8:07-cv-1326-T-27TBM

NATIONAL ACTION FINANCIAL
SERVICES, INC., et al.,

        Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Motion for Partial Summary Judgment (Dkt. 39), to which Defendant National Action Financial Services, Inc. has responded in opposition (Dkt. 43).[1] Upon consideration, Plaintiff's motion is DENIED.

### Background

Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55, *et seq.* In the instant motion for partial summary judgment against Defendant National Action Financial Services, Inc. only, Plaintiff contends that Defendant violated both the FDCPA and FCCPA by communicating with a third party in connection with the collection of Plaintiff's debt. The relevant facts follow.

---

[1] The Court construes this as a motion for summary judgment as to liability pursuant to Rule 56(d)(2) of the Federal Rules of Civil Procedure. *See Travelers Indem. Co. v. Erickson's, Inc.*, 396 F.2d 134, 136 (5th Cir. 1968) (noting that summary judgment on part of a claim is improper under Rule 56); *Biggins v. Oltmer Iron Works*, 154 F.2d 214, 216 (7th Cir. 1946) (same).

On March 8, 2007, Plaintiff received a dunning letter from Defendant demanding payment of $6,282.66 for an alleged debt held by LVNV Funding, LLC. (Dkt. 39-8, Pl. Dec. ¶ 2). On March 21, 2007, one of Defendant's employees, identified as "Mrs. Gregg," called Plaintiff's office and left a message on the voice mail of Plaintiff's assistant, Regina Brown. (Pl. Dec. ¶ 3). The message stated, in relevant part: "Mrs. Nivens, let me inform you that this is an attempt to collect a debt. Any information obtained will be used for that purpose only. Jean Nivens, I need to hear from you within the next 24 hours to avoid further activity." (Pl. Dec., Exh. B). On March 30, 2007, Gregg again called Plaintiff's office and left another message on Brown's voice mail. (Pl. Dec. ¶ 4). Brown listened to both messages and forwarded them to Plaintiff. (Pl. Dec. ¶¶ 3-4).

In the response in opposition, Defendant does not dispute this version of events. Defendant instead argues that there is an issue of fact as to whether it is protected by the statutory "bona fide error defense," which precludes summary judgment. As set forth, Defendant is correct.

### *Standard*

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970);

2

Case 8:07-cv-01326-JDW-TBM   Document 44   Filed 09/10/08   Page 3 of 7 PageID 241

*Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323-24. Plaintiff's evidence must be significantly probative to support the claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The Court will not weigh the evidence or make findings of fact. *Anderson*, 477 U.S. at 249; *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Rather, the Court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the non-moving party. *Id.*

### *Discussion*

1. *Statutory Violations*

a. FDCPA

The FDCPA places significant restrictions on a debt collector's ability to communicate with third parties. Specifically, "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692c(b). Although this section is subject to various exceptions -- for communications with the debtor's consent, with the express permission of a court, or as permitted elsewhere in the FDCPA -- Defendant does not argue that any exception applies.

Defendant also does not dispute that Gregg's March 21, 2007 voice mail message to Brown

3

constituted a "communication" to a third party that was "in connection with the collection of any debt." The term "communication" is broadly defined in the FDCPA as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). As Gregg stated that her call was "an attempt to collect a debt," thus disclosing the existence of a debt, the communication was in connection with the collection of a debt. *Cf. Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 660 (S.D.N.Y. 2006) (holding that pre-recorded messages were "communications" within the meaning of the FDCPA). Plaintiff has therefore demonstrated that Gregg's March 21, 2007 voice mail message violated § 1692c(b) of the FDCPA.

b.  *FCCPA*

The FCCPA places narrower, more specific constraints on a debt collector's contact with third parties. *See* Fla. Stat. § 559.72(4)-(6). For instance, the provision which Plaintiff alleges to have been violated in this case prohibits any person from disclosing "to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false." Fla. Stat. § 559.72(5). Thus, to demonstrate a violation of § 559.72(5), Plaintiff must show by a preponderance of the evidence that: (1) there was a disclosure of information to a person other than a member of Plaintiff's family; (2) the person did not have a legitimate business need for the information; and (3) the information affected Plaintiff's reputation. *See Heard v. Mathis*, 344 So. 2d 651, 655 (Fla. 1st DCA 1977).

It is undisputed that Gregg disclosed to Brown that Plaintiff owed a debt. Defendant does not dispute that Brown had no legitimate business need for this information, and the Court finds no

4

record evidence that Brown had such a need.[2] Plaintiff has failed to show, however, that Gregg's disclosure affected Plaintiff's reputation for credit worthiness or otherwise, as a matter of law. *Cf. Heard*, 344 So. 2d at 655 (disclosure to close personal friend did not harm debtor's reputation in the community). Accordingly, there exists an issue of fact as to whether Gregg's March 21, 2007 voice mail message violated § 559.72(5) of the FCCPA.

2.   *Bona fide error defense*

In its response in opposition, Defendant does not address the elements of Plaintiff's FDCPA and FCCPA claims, instead arguing that it is entitled to prevail on the statutory "bona fide error defense." The FDCPA sets forth the requisite elements of the defense:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. § 1692k(c).[3]

It is Defendant's burden to prove the bona fide error defense by a preponderance of the evidence. *See Johnson v. Riddle*, 443 F.3d 723, 727 (10th Cir. 2006).

The pertinent issues in assessing the application of the bona fide error defense are: (1) whether Defendant's error was bona fide and unintentional; and (2) whether Defendant had procedures in place reasonably adapted to avoid the error. *Id.* at 729; 15 U.S.C. § 1692k(c); Fla. Stat. § 559.77(3).

---

[2] Plaintiff fails to specifically address Defendant's actual or constructive knowledge that Brown had no legitimate need for this information, which is a requisite element of the statute. *See Gill v. Kostroff*, 82 F. Supp. 2d 1354, 1362 (M.D. Fla. 2000). Nonetheless, Defendant has not challenged Gregg's knowledge, and the Court finds the circumstances arguably sufficient to confer constructive knowledge on Gregg.

[3] The FCCPA contains a substantially similar provision: "A person shall not be held liable in any action brought under this section if the person shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Fla. Stat. § 559.77(3).

As to the latter element, Defendant contends that it had procedures in place that were reasonably adapted to prevent Gregg's violation. Specifically, Defendant's Assistant General Counsel, Paul Labaki, avers that: (1) Defendant has a specific policy prohibiting employees from disclosing debts to third parties; (2) Defendant provides training to new hires including a specific discussion of this prohibition; (3) Defendant's Collection Manual advises bill collectors not to state that a debtor owes a debt; (4) new employees sign a form acknowledging that they may only leave a name and number in a telephone message; and (5) employees receive four compliance seminars each year. (Dkt. 43-2, Labaki Aff. ¶¶ 6-16). This is sufficient evidence, if credited, to create an issue of fact as to whether Defendant had reasonable procedures in place to prevent the type of violation alleged here. *See e.g.*, *Jenkins v. Heintz*, 124 F.3d 824, 834 (7th Cir. 1997); *Worch v. Wolpoff & Abramson, L.L.P.*, 477 F. Supp. 2d 1015, 1020 (E.D. Mo. 2007).

On the other hand, Defendant fails to specifically address the first prong of the inquiry, whether Gregg's conduct constituted an unintentional and a bona fide "error." *Cf. Bieber v. Assoc. Collection Servs., Inc.*, 631 F.Supp. 1410, 1415 (D. Kan. 1986) (defendant provided affidavit from employee averring that misstatement was unintentional). Indeed, in light of the significant training that Labaki asserts Defendant provided its employees, there is, at least, an issue of fact as to whether Gregg's violation was unintentional and the result of a bona fide "error." *Sparks v. Phillips & Cohen Assocs., Ltd.*, No. 07-477-WS-C, 2008 WL 2540679, at *11 (S.D. Ala. June 20, 2008); *see also Nielsen v. Dickerson*, 307 F.3d 623, 642 (7th Cir. 2002) (holding that defendant was precluded from asserting affirmative defense based on attorney's actions); *Bingham v. Collection Bureau, Inc.*, 505 F. Supp. 864, 874 (D. N.D. 1981) (corporation failed to show agent's error was bona fide); *Worch*, 477 F. Supp. 2d at 1020 (same). Nonetheless, Defendant's intent and whether the error was bona

fide are classic issues of fact, inappropriate for resolution on summary judgment. *See Sparks*, 2008 WL 2540679 at *11.

Based on the foregoing, Defendant has identified specific record evidence and triable issues of fact sufficient to defeat Plaintiff's motion for summary judgment. *Cf. Blue Cross and Blue Shield of Ala. v. Weitz*, 913 F.2d 1544, 1552 (11th Cir. 1990) (finding that defendant failed to raise question on application of affirmative defense sufficient to defeat plaintiff's motion for summary judgment).

## *Conclusion*

Upon consideration, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Partial Summary Judgment (Dkt. 39) is **DENIED**.

**DONE AND ORDERED** in chambers this __10th__ day of September, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record