UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEAN FRANCES NIVEN,

        Plaintiff,

vs.                                     Case No. 8:07-cv-1326-T-27TBM

NATIONAL ACTION FINANCIAL
SERVICES, INC., et al.,

        Defendants.
_____/

**COURT'S INSTRUCTIONS
TO THE JURY**

1

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

## Consideration of the Evidence
## Duty to Follow Instructions
## Corporate Party Involved

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

## Credibility of Witnesses

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

4

## Impeachment of Witnesses
## Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## Burden of Proof
## Multiple Claims and Defenses

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

## Juror Oath

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

## Conduct of Counsel

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

## Inferences

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw---but not required to draw---from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

## Nature of Action and Legal Definitions: Claims under FDCPA

The plaintiff brings this action against the defendant based on 15 U.S.C. Section 1692 and following sections, the federal Fair Debt Collection Practices Act. For convenience, I will refer to the act as "the FDCPA."

In passing the FDCPA, Congress stated its purpose was "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection practices." To this end, the FDCPA expressly prohibits debt collectors from engaging in numerous specific acts or practices and also requires debt collectors who attempt to collect consumer debts for others to affirmatively perform specific acts.

The FDCPA defines a "debt collector" to include any person who uses any instrumentality of interstate commerce, the principal purpose of which business is the collection of any debt, directly or indirectly, owed, due, or asserted to be owed or due to another. The Act also defines a "debt collector" to include any person who regularly collects a debt owed to another. The defendant in this lawsuit is a "debt collector" within the meaning of the FDCPA.

I now instruct you that the defendant is subject to, and must comply with, the provisions of the FDCPA.

The FDCPA defines "debt" to mean any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligations have been reduced to judgment. The obligation which the plaintiff is alleged to owe is a "debt" within the meaning of the FDCPA.

10

The FDCPA defines "consumer" as any person obligated or allegedly obligated to pay any debt. The plaintiff in this lawsuit is a "consumer" within the meaning of the FDCPA.

### Nature of the Action and Legal Definitions: Claims under FCCPA

The plaintiff also has a claim in this action against the defendant based upon the Florida Consumer Collection Practices Act found at § 559.55 and following sections in Florida Statutes. For convenience, I will refer to the act as "the F-C-CPA."

The FCCPA is a parallel state statute to the FDCPA. Like the FDCPA, it is designed to protect consumers and debtors from abusive, harassing, and unfair debt collection practices.

The FCCPA defines "debt" to mean any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligations have been reduced to judgment. The obligation which the plaintiff is alleged to owe is a "debt" within the meaning of the FCCPA.

The FCCPA defines "debtor" or "consumer" as "any person obligated or allegedly obligated to pay any debt." The plaintiff in this lawsuit is a "consumer" within the meaning of the FCCPA.

I now instruct you that the defendant is subject to, and must comply with, the provisions of the FCCPA with respect to the plaintiff in this lawsuit.

## Obligation to Pay the Debt does not Affect Liability

Whether or not the plaintiff owes the debt alleged to be due to the creditor is not a factor in this proceeding. Even if the plaintiff does owe a debt obligation, the defendant must comply in all respects with the Fair Debt Collection Practices Act and/or the Florida Consumer Collections Practices Act. Therefore, you may not consider whether or not the plaintiff is indebted to the creditor when determining whether the defendant violated the Fair Debt Collection Practices Act and or the Florida Consumer Collections Practices Act.

## FDCPA Violation

The Court has determined as a matter of law that defendant violated the FDCPA when it left the message on plaintiff's co-worker's voicemail, that is, by communicating with a person that the defendant was prohibited from communicating with under the FDCPA.

## FCCPA Violation

In order to demonstrate a violation under the FCCPA, plaintiff must demonstrate by a preponderance of the evidence that:

(1) defendant disclosed information to a person other than a member of plaintiff's family; the person did not have a legitimate business need for the information; and the information affected plaintiff's reputation;

or

(2) defendant willfully communicated with plaintiff with such frequency as could reasonably be expected to harass plaintiff; or defendant willfully engaged in other conduct which could reasonably be expected to abuse or harass plaintiff.

## Bona Fide Error Defense

Defendant contends that its violation of the FDCPA and violation of the FCCPA, if any, were the result of bona fide error. A debt collector is not liable for violation of the Fair Debt Collection Practices Act or Florida Consumer Collection Practices Act if it shows by a preponderance of the evidence that (1) the violation was not intentional, and (2) the violation resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

To prevail on a bona fide error defense the defendant must prove, by a preponderance of the evidence:

(1) that the error was "bona fide" and that it was unintentional; and

(2) that defendant maintained and utilized procedures reasonably adapted to avoid such errors.

If you find by a preponderance of the evidence that defendant's violation of the FDCPA and FCCPA, if any, was the result of bona fide error, your verdict is for the defendant and you will not address the matter of damages. If, however, you find that defendant has not proven its bona fide error defense by a preponderance of the evidence, you are to consider damages.

## Actual Damages

I turn now to the law of damages applicable to this case if you reach that phase.

The Acts both specifically permit damages to be awarded against debt collectors who violate the Acts. First, actual damages may be awarded to plaintiff as a result of the failure of defendant to comply with the Act. Actual damages not only include out-of-pocket expenses but also damages for personal humiliation, embarrassment, mental anguish and emotional distress. There is no fixed standard or measure in the case of intangible items such as humiliation, embarrassment, mental anguish and emotional distress. You must determine a fair and adequate award of these items through the exercise of your judgment and experience in the affairs of the world after considering all the facts and circumstances presented during the trial of this case.

## Statutory Damages

In addition to actual damages, and regardless of whether actual damages are awarded, the jury may award statutory damages in any amount up to $1,000.00 under each statute, or a maximum amount of $2,000.00. In determining the amount of statutory damages to be awarded, the Acts provide that the jury shall consider among other relevant factors the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which noncompliance was intentional.

## Duty to Deliberate
## Only Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of plaintiff's damages should not be interpreted in any way as an indication that I believe that the plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## Election of Foreperson
## Explanation of Verdict Form

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.